JOHN DePRETE *vs.* FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY.

MARCH 3, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of trespass on the case which was brought under the provisions of general laws 1938, chapter 155, §1. It was heard before a justice of the superior court on four pleas in abatement filed by the defendant which appeared specially to question the jurisdiction of that

court. Such pleas were overruled and the defendant then prosecuted its bill of exceptions to this court.

The case is now before us on plaintiff's motion to dismiss the bill of exceptions as being prematurely filed. General laws 1938, chap. 542, §12, which governs the procedure in the instant case reads as follows: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby."

This section has been before this court on many occasions and has uniformly been given the same general construction and application. In *McMahon* v. *Edelstein*, 75 R. I. 402, the earlier decisions on the point are extensively reviewed. This court has repeatedly held that "final decision" in the statute means that final determination of the case which ends the entire case in the superior court leaving nothing further to be done therein except to carry into effect such determination by operation of the law. The defendant here has not stated in the record that it is relying only on its pleas in abatement.

It is not necessary to repeat in detail all that was stated in the *McMahon* case, *supra,* but at page 412 the court held: "From a consideration of these and other cases it is clear that a policy was fixed by the legislature in 1905 and has been adhered to consistently by this court, namely, that it should not review interlocutory questions of law in a case on a piecemeal basis, and that under the statute as construed consistently in the many cases cited *supra* a bill of exceptions is prematurely brought, even if it involves the denial of a plea in abatement or a motion to dismiss based upon alleged lack of legal service upon the defendant individually, unless the decision in question is final and concludes the case on its merits in the superior court." In our opinion the policy and practice therein stated is sound.

There is no language in §12, *supra,* which specifically or by reasonable inference exempts from the operation of that

section questions of jurisdiction, as defendant seems to argue should be the case. Many of the earlier cases involved an issue of that nature and yet we find no holding in any of them to the effect that such a case should be treated as an exception to the general rule merely because a question of jurisdiction is involved. Moreover the instant case raises no novel question in that regard. *Rhode Island Rug Works* v. *General Baking Co.*, R. I., 128 Atl. 676.

The defendant has also argued that for certain reasons §12 is unconstitutional in that it contravenes article XII, section 1, of the amendments to the constitution of this state. In our judgment the defendant in the present circumstances is not in a position to raise or argue that question. In this very proceeding it is making use of §12, *supra,* in order to come before this court on its bill of exceptions. It cannot thus question the constitutionality of the statute while invoking the remedy it provides. See *Sweck* v. *Zoning Board of Review,* 77 R. I. 8.

The plaintiff's motion to dismiss the defendant's bill of exceptions as being prematurely filed is granted, and the case is remitted to the superior court for further proceedings.

CONDON, J., dissents.

*Kelaghan & Kelaghan, John B. Kelaghan,* for plaintiff.

*Carroll & Dwyer, John G. Carroll,* for defendant.